RYAN W. KOPPELMAN (State Bar No. 290704)
ryan.koppelman@alston.com
TIMOTHY R. WATSON (State Bar No. 293774)
tim.watson@alston.com
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303-2282
Telephone:  650-838-2000
Facsimile:  650-838-2001

Attorneys for Defendant
SKECHERS U.S.A., INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SHEN KO TSENG,<br><br>  Plaintiff,<br><br>  v.<br><br>SKECHERS U.S.A., INC.,<br><br>  Defendant. | Case No.:  3:16-CV-01860-VC<br><br>**DEFENDANT SKECHERS U.S.A., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Judge: Honorable Vince Chhabria |

Defendant Skechers U.S.A., Inc. ("Skechers") hereby provides its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Shen Ko Tseng's ("Plaintiff") First Amended Complaint for Patent Infringement ("Complaint") as follows:

## NATURE OF ACTION

1. Skechers admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, but denies that Plaintiff has any viable claim thereunder.

## PARTIES

2. Skechers is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

3. Skechers admits the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Skechers admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Skechers admits that it transacts business within the State of California and this District. Skechers further admits that this Court has personal jurisdiction over it. Skechers denies that it has committed any acts of infringement in this or any judicial district. Skechers denies the remaining allegations of Paragraph 5 of the Complaint.

6. Skechers admits the allegations of Paragraph 6 of the Complaint.

## BACKGROUND

7. Skechers admits that what appears to be a copy of United States Patent No. 7,500,761 ("the '761 Patent") entitled "Circuit Device for Controlling a Plurality of Light-Emitting Devices in a Sequence" is attached as Exhibit A to the Complaint. Skechers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.

8. Skechers admits that the '761 Patent speaks for itself. Skechers denies the remaining allegations of Paragraph 8 of the Complaint.

9. Skechers denies the allegations of Paragraph 9 of the Complaint.

10. Skechers denies the allegations of Paragraph 10 of the Complaint.

11. Skechers admits that what appears to be a copy of United States Patent No. 7,405,674 ("the '674 Patent") entitled "Circuit for Controlling a Plurality of Light-Emitting Devices Disposed on an Object in a Sequence" is attached as Exhibit B to the Complaint. Skechers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and therefore denies them.

12. Skechers admits that the '674 Patent speaks for itself. Skechers denies the remaining allegations of Paragraph 12 of the Complaint.

13. Skechers denies the allegations of Paragraph 13 of the Complaint.

14. Skechers denies the allegations of Paragraph 14 of the Complaint.

## FIRST CAUSE OF ACTION

### (Infringement of the '761 Patent)

15. Skechers incorporates Paragraphs 1-14 of this Answer as if set forth fully herein.

16. Skechers denies the allegations of Paragraph 16 of the Complaint.

17. Skechers denies the allegations of Paragraph 17 of the Complaint.

18. Skechers denies the allegations of Paragraph 18 of the Complaint.

19. Skechers denies the allegations of Paragraph 19 of the Complaint.

20. Skechers denies the allegations of Paragraph 20 of the Complaint.

21. Skechers denies the allegations of Paragraph 21 of the Complaint.

22. Skechers denies the allegations of Paragraph 22 of the Complaint.

23. Skechers denies the allegations of Paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION

### (Infringement of the '674 Patent)

24. Skechers incorporates Paragraphs 1-23 of this Answer as if set forth fully herein.

25. Skechers denies the allegations of Paragraph 25 of the Complaint.

26. Skechers denies the allegations of Paragraph 26 of the Complaint.

27. Skechers denies the allegations of Paragraph 27 of the Complaint.

28. Skechers denies the allegations of Paragraph 28 of the Complaint.

29. Skechers denies the allegations of Paragraph 29 of the Complaint.

30. Skechers denies the allegations of Paragraph 30 of the Complaint.

31. Skechers denies the allegations of Paragraph 31 of the Complaint.

32. Skechers denies the allegations of Paragraph 32 of the Complaint.

## PRAYER

Skechers denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

Skechers admits that Plaintiff demands a trial by jury on all issues so triable in this action. Skechers also demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## GENERAL DENIAL

Except as specifically admitted herein, Skechers denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Skechers asserts the following defenses to Plaintiff's Complaint.

### First Affirmative Defense

Skechers does not infringe and has not infringed any claim of the '761 or '674 Patents literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### Second Affirmative Defense

The '761 and '674 Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse and/or unenforceability.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of laches and/or equitable estoppel.

**Fifth Affirmative Defense**

Plaintiff's claims are barred by prosecution history estoppel.

**Sixth Affirmative Defense**

To the extent that Plaintiff alleges that this case is exceptional, Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Skechers pursuant to 35 U.S.C. § 285.

**Seventh Affirmative Defense**

Any claim by Plaintiff for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

**Eighth Affirmative Defense**

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

**Ninth Affirmative Defense**

Plaintiff cannot prove that Skechers committed willful infringement justifying an award of treble damages against Skechers pursuant to 35 U.S.C. § 284.

**RESERVATION OF RIGHTS**

Skechers reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**COUNTERCLAIMS**

Defendant/Counterclaimant Skechers U.S.A., Inc. ("Skechers") asserts counterclaims against Plaintiff/Counterdefendant Shen Ko Tseng ("Plaintiff") as follows:

**NATURE AND BASIS OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1, *et seq.* Skechers requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 7,500,761 ("the '761 Patent"); (ii) the '761 Patent is invalid; (iii) it does not infringe any valid, enforceable claim of U.S. Patent No. 7,405,674 ("the '674 Patent"); and (iv) the '674 Patent is invalid.

**PARTIES, JURISDICTION, AND VENUE**

2. Skechers is a Delaware corporation with a principal place of business in Manhattan Beach, California.

3. According to Plaintiff's Complaint, Plaintiff is a natural person who resides in Taipei, Taiwan.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Plaintiff by virtue of the fact that Plaintiff has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL ALLEGATIONS**

7. Upon information and belief, Plaintiff purports to be the owner of the '761 and '674 Patents.

8. Skechers does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '761 or '674 Patents.

9. Upon information and belief, all claims of the '761 and '674 Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**CLAIM I**

**(Declaratory Judgment of Non-Infringement of the '761 Patent)**

10. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

11. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning Skechers' non-infringement of the claims of the '761 Patent.

12. Skechers is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '761 Patent.

## CLAIM II

**(Declaratory Judgment of Invalidity of the '761 Patent)**

13. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

14. There is an actual and justiciable controversy between the parties concerning the validity of the '761 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

15. Skechers is entitled to a judicial declaration and order that the '761 Patent is invalid.

## CLAIM III

**(Declaratory Judgment of Non-Infringement of the '674 Patent)**

16. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

17. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, concerning Skechers' non-infringement of the claims of the '674 Patent.

18. Skechers is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '674 Patent.

## CLAIM IV

**(Declaratory Judgment of Invalidity of the '674 Patent)**

19. Skechers realleges and reincorporates the allegations of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

20. There is an actual and justiciable controversy between the parties concerning the validity of the '674 Patent for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

21. Skechers is entitled to a judicial declaration and order that the '761 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Skechers requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court declare that Skechers has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '761 Patent;

(iii) The Court declare and order that the '761 Patent is invalid;

(iv) The Court declare that Skechers has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '674 Patent;

(v) The Court declare and order that the '674 Patent is invalid;

(vi) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Skechers its reasonable attorney fees in this action;

(vii) All costs be taxed against Plaintiff; and

(viii) Skechers be granted such other and further relief as the Court deems just and proper.

DATED: June 16, 2016        TIMOTHY R. WATSON
                            **ALSTON & BIRD LLP**

                             /s/   Timothy R. Watson
                                  TIMOTHY R. WATSON

                            Attorney for Defendant
                            SKECHERS U.S.A, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, a copy of this DEFENDANT SKECHERS U.S.A., INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

        */s/ Timothy R. Watson*
          Timothy R. Watson